### LLOYD, Assignee, etc., v. FOLEY.

*(District Court, D. California. May 3, 1880.)*

CHATTEL MORTGAGE—BILL OF SALE.
> An unrecorded chattel mortgage or a bill of sale, unaccompanied by an immediate and continued change of possession, is void as against creditors.

*R. Thompson*, for plaintiff.

*H. C. Hyde*, for defendant.

HOFFMAN, D. J. I am inclined to think that the delivery and change of possession of the property sold to the defendant in this case was sufficient to satisfy the requirements of section 3440 of the Civil Code of California. But under a recent decision of the supreme court of the United States the inquiry is immaterial. It had been supposed by this court and the circuit court that the sale or mortgage of a chattel, under circumstances which rendered the transaction void

as against creditors, was also void as against the assignee in bankruptcy who represents the creditors. It was considered that any other rule would be unjust to the latter, for the property sold or mortgaged was, by the terms of the statute, subject to their demands, and could have been attached or levied on in execution. The bankruptcy prevented all proceedings on their part, and it seemed to follow, as a necessary consequence, that these rights could be asserted through the assignee for the equal benefit of all.

It is to be feared that the recent decision of the supreme court will, or would, if the bankrupt act were still in force, open a wide door to the frauds the statute was designed to prevent. Actual fraud, want of consideration, secret trust for the benefit of the vendor, etc., can rarely be shown. The statute wisely declares that the absence of an actual, immediate, and continued change of possession shall be conclusive evidence of fraud, and shall avoid the transaction as against creditors, subsequent purchasers, etc.

The bankruptcy deprives the creditors of the right conferred by the state statute to pursue the property in the hands of the vendee or mortgagee, and the bankrupt, although in the notorious and exclusive possession of the goods, has only to produce, or procure some friend to produce, a bill of sale or mortgage valid on its face as between the parties, to secure the withdrawal of, it may be, his entire assets from the assignee, unless the latter is able to show fraud in fact. The whole object of the statute is thus defeated.

The case to which I have referred is *Stewart* v. *Platt*, reported in the Chicago Legal News, February 28, 1880. By the laws of New York every mortgage of chattels not accompanied by an immediate delivery, and followed by an actual and continued change of possession, is declared absolutely void as against creditors of the mortgagor and subsequent purchasers in good faith, unless the mortgage shall be filed as directed in the act. The supreme court held that the mortgage had not been filed as required by the act. It was, therefore, void as against creditors, and the decree of the circuit court, which directed the proceeds to be first applied in satisfaction of the claims of those creditors who had obtained judgments and sued out executions prior to the commencement of the bankruptcy proceedings, was affirmed. The circuit court had further directed that the balance of proceeds should be paid to the assignee for the purposes of the trust.

This part of the decree was reversed by the supreme court. It held that the mortgage was valid as between the parties; that "the assignee took the property subject to such equities, liens, or encum-

brances as would have affected it had no adjudication in bankruptcy been made. While the rights of creditors whose executions preceded the bankruptcy were properly adjudged to be superior to any which passed to the assignee by operation of law, the balance of the fund, after satisfying those executions, belonged to the mortgagee, and not to the assignee for the purposes of his trust. The latter, representing general creditors, cannot dispute such claim, since, had there been no adjudication, it could not have been disputed by the mortgagor. The assignee can assert in behalf of the general creditors no claim to the proceeds of the sale of that property which the bankrupts themselves could not have asserted in a contest exclusively between them and their mortgagee. As between the mortgagee and the mortgagors the chattel mortgages were and are unimpeachable for fraud, or upon any other ground recognized in the bankrupt law."

An unrecorded chattel mortgage and a bill of sale, when each is unaccompanied by an immediate and continued change of possession, are in the same predicament, and if the assignee can assert no rights against the mortgagee in the one case, he can assert none against the vendee in the other.

It results, in the case at bar, that even if the delivery of the property sold to the defendant was not accompanied by the actual and immediate delivery as required by law, the assignee can maintain no claim founded on that circumstance.

Judgment for defendant.